NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
RYAN WATERS (Cal. Bar No. 268015)
Special Assistant United States Attorney
Asset Forfeiture Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-4493
      Facsimile: (213) 894-0142
      E-mail: Ryan.Waters@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>ONE 2014 ROLLS ROYCE PHANTOM COUPE,<br><br>          Defendant. | No. 2:18-cv-10452<br><br>VERIFIED COMPLAINT FOR FORFEITURE<br><br>18 U.S.C. § 981(a)(1)(A) and (C)<br><br>[USSS] |

     Plaintiff United States of America brings this claim against defendant One 2014 Rolls Royce Phantom Coupe, and alleges as follows:

                    JURISDICTION AND VENUE

     1.   The government brings this in rem civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2.   This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1345 and 1355.

3.   Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

<u>PERSONS AND ENTITIES</u>

4.   The plaintiff in this action is the United States of America.

5.   The defendant is One 2014 Rolls Royce Phantom Coupe seized pursuant to a federal seizure warrant on June 20, 2018, with Vehicle Identification Number SCA683C52EUX76634, License Plate number 7SXW914 (the "defendant vehicle"), and registered in the name of Margarita Kazarian ("Kazarian").  The defendant vehicle was seized at a Rolls Royce Service Center located at 2240 Colby Ave, Los Angeles, CA 90064.

6.   The defendant vehicle is currently in the custody of the United States Secret Service ("USSS") in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7.   The interests of Kazarian, Artur Stepanyan ("Stepanyan"), Bank of America, Capital One, American Express, and USAA may be adversely affected by these proceedings.

<u>FACTS SUPPORTING FORFEITURE</u>

<u>Background on "Bust-Out" Fraud Scheme Investigation</u>

8.   Beginning around the fall of 2016, the USSS learned of a "bust-out" fraud scheme involving credit cards in the name of Gerardo Santillan ("Santillan") from multiple financial institutions.  A "bust-out" fraud scheme occurs when a consumer applies for and uses credit under his or her own name or uses a

synthetic identity, to make transactions.  The suspect makes on-time payments to maintain a good account standing, with the intent of bouncing a final payment and abandoning the account. The suspect builds up a history of good behavior with timely payments and low utilization.  Over time, the suspect obtains additional lines of credit and requests higher credit limits. Eventually, the fraudster uses all available credit and stops making payments.  Overpayments with bad checks are often made in the final stage of the bust-out, temporarily inflating the credit limit and causing losses greater than the account credit limit.

9.    The USSS investigation into this bust-out scheme began after several banks reported to law enforcement that Santillan, residing in Encino, California, engaged in remitting false payments to permit him to make purchases in excess of the limit placed on his credit cards.  In order to make purchases over his credit limit, Santillan would pay his credit card balance using an unauthorized Wells Fargo bank account held in the name of Geo-Corp, Inc.

10.   Wells Fargo confirmed that the payments made from Geo-Corp, Inc.'s bank account to Santillan's credit cards were unauthorized by Geo-Corp, Inc., and Wells Fargo, therefore, considered these payments fraudulent.  Before Wells Fargo realized that the payments were unauthorized, the credit card balance would appear to be paid, thus allowing Santillan to continually make purchases on the credit cards even though his credit card payments were fraudulent and unauthorized.

<u>Credit Cards Used in Bust-Out Scheme</u>

11.    The following credit cards controlled by Santillan were busted-out and used to purchase the defendant vehicle:

A.    Bank of America Visa card number ending in 6763 ("Visa 6763") received four payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016.  The four Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  Bank of America suffered approximately $78,000 in losses on the Visa 6763.

B.    Bank of America Visa card number ending in 9103 ("Visa 9103") received four payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016.  The four Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  Bank of America suffered approximately $77,000 in losses on the Visa 9103.

C.    Capital One Visa card number ending in 4125 ("Visa 4125") received ten payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016.  The ten Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  Capital One suffered approximately $120,000 in losses on the Visa 4125.

D.    Bank of America American Express card number ending in 3998 ("American Express 3998") received four payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016.  The four Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  Bank of America suffered approximately $60,000 in losses on the American Express 3998.

E.    American Express card number ending in 1007 ("American Express 1007") received four payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August 2016.  The four Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  American Express suffered approximately $56,000 in losses on the American Express 1007.

F.    USAA Rewards American Express card number ending in 8436 ("American Express 8436") received at least six payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016.  The six Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  USAA suffered approximately $29,000 in losses on the American Express 8436.

G.   USAA Rewards Visa card number ending in 3749 ("Visa 3749") received at least ten payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016.  The ten Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  USAA suffered approximately $191,000 in losses on the Visa 3749.

H.   USAA Visa card number ending in 2174 ("Visa 2174") received five payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and August of 2016. The five Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  USAA suffered approximately $125,000 in losses on the Visa 2174.

I.   American Express Platinum card number ending in 1004 ("American Express 1004") received five payments drawn from a Wells Fargo account in the name of Geo-Corp, Inc. between July and September of 2016.  The five Wells Fargo payments were determined to be fraudulent and unauthorized.  The payments falsely inflated the credit balance on the card, permitting charges above what would have normally been allowed.  American Express suffered approximately $184,000 in losses on the American Express 1004.

12.   In addition to the above credit cards in the bust-out scheme used to purchase the defendant vehicle, the bust-out scheme as a whole also included credit cards from Citibank and

Synchrony Bank.   The fraudulent payments and charges happened over an approximate two month span so that they occurred quickly prior to the financial institutions recognizing the unauthorized payments and fraudulent scheme.   The combined total loss to the financial institutions due to the scheme as a whole is approximately $1,000,000.

Bust-Out Scheme Used to Purchase the Defendant Vehicle

13.   According to a purchase agreement between OC Autohaus and Santillan, on August 31, 2016, Santillan purchased the defendant vehicle for $358,000 from the OC Autohaus car dealership located at 13631 Beach Boulevard in Westminster, California.

14.   Pursuant to the purchase agreement, Santillan paid OC Autohaus $77,400 in U.S. currency, and $280,000 with the nine credit cards detailed above in the bust-out scheme, as follows:

A.   Visa 6763, which was charged for $15,400;

B.   Visa 9103, which was charged for $11,500;

C.   Visa 4125, which was charged for $9,700;

D.   American Express 3998, which was charged for $31,500;

E.   American Express 1007, which was charged for $39,400;

F.   American Express 8436, which was charged for $9,800;

G.   Visa 3749, which was charged for $58,700;

H.   Visa 2174, which was charged for $74,700; and

I.   American Express 1004, which was charged for $29,900.

Santillan Transfers Ownership of the Defendant Vehicle

15.   California Department of Motor Vehicles records show that the Report of Sale and Application for Title or Registration listed Santillan as the buyer of the defendant vehicle.

16.   An Application for Transfer by New Owner filed with the DMV shows that Santillan "gifted" the defendant vehicle to Kazarian on September 15, 2016, just fifteen day after Santillan purchased it.   Kazarian is the mother of Stepanyan, who was cited by the Los Angeles Police Department while driving the defendant vehicle on July 23, 2017.

17.   Santillan orchestrated a fraud scheme that resulted in the fraudulent purchase of the defendant vehicle.   Santillan was a "straw buyer" of the defendant vehicle.   A straw buyer is a person who buys something on behalf of someone else in order to circumvent legal restrictions, or to enable fraud.   Santillan purchased the defendant vehicle with no intention of using the vehicle himself, but rather to create a layer between the fraudulent purchase and the actual user and controller of the vehicle, Stepanyan.

FIRST CLAIM FOR RELIEF

18.   Based on the above, plaintiff United States of America alleges that the defendant vehicle constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1029 (access device fraud), 1343 (wire fraud) and 1344 (bank fraud), all of which are "specified unlawful activities" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1).   The defendant vehicle

is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

SECOND CLAIM FOR RELIEF

19.  Based on the above, plaintiff United States of America alleges that the defendant vehicle constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being violations of 18 U.S.C. §§ 1029 (access device fraud), 1343 (wire fraud) and/or 1344 (bank fraud).  The defendant vehicle is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

THIRD CLAIM FOR RELIEF

20.  Based on the above, plaintiff United States of America alleges that the defendant vehicle constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being violations of 18 U.S.C. §§ 1029 (access device fraud), 1343 (wire fraud) and/or 1344 (bank fraud).  The defendant vehicle is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, plaintiff United States of America prays:

(a)  that due process issue to enforce the forfeiture of the defendant vehicle;

(b)  that due notice be given to all interested parties to appear and show cause why forfeiture should be not be decreed;

(c)  that this Court decree forfeiture of the defendant vehicle to the United States of America for disposition according to law; and

          (d)   for such other and further relief as this Court may

deem just and proper, together with the costs and disbursements

of this action.

Dated: December 18, 2018          NICOLA T. HANNA
                                  United States Attorney
                                  LAWRENCE S. MIDDLETON
                                  Assistant United States Attorney
                                  Chief, Criminal Division
                                  STEVEN R. WELK
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture Section


                                  */s/ Ryan Waters*
                                  RYAN WATERS
                                  Special Assistant U.S. Attorney
                                  Asset Forfeiture Section

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

VERIFICATION

I, Andrew Phelps, hereby declare that:

1.   I am a Special Agent with the Department of Homeland Security ("DHS"), United States Secret Service ("USSS").

2.   I have read the above Verified Complaint for Forfeiture and know its contents.  It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3.   Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 23, 2018 in Los Angeles, California.

ANDREW PHELPS
SPECIAL AGENT – USSS

11